IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| LEONARD L. ROBERTS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JEFFREY LANGTON, STEVE BULLOCK, MONTANA SUPREME COURT, MATTHEW STEVENSON, and ROBIN McGUIRE,<br><br>　　　　Defendants. | Cause No. CV 13-190-M-DWM-JCL<br><br>Order and Findings and Recommendations of United States Magistrate Judge |

This matter comes before the Court on Plaintiff Leonard Roberts' Motion to Proceed in Forma Pauperis (Dkt. 1) and proposed Complaint. (Dkt. 2). After conducting the prescreening process mandated by 28 U.S.C. §1915, the Court finds that Roberts has not named a proper defendant and his claims are barred by the doctrine set forth in *Heck v.* Humphrey, 512 U.S. 477 (1994). The Complaint should be dismissed.

## I. Motion to Proceed in Forma Pauperis

Roberts submitted a declaration sufficient to make the showing required by 28 U.S.C. §1915(a). Although Roberts only submitted two months of account statements (the statute requires six), the request to proceed in forma pauperis will

1

be granted. Because Roberts is currently incarcerated, he must still pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Roberts has only submitted two months of account statements, therefore, it is not possible to determine an appropriate initial filing fee and that fee will be deferred. Roberts will be required to make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. See 28 U.S.C. §1915(b)(2). A separate order will direct the agency having custody of Roberts to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2).

**II. Statement of Case**

    **A. Introduction**

Roberts, appearing pro se, brings this action under 42 U.S.C. § 1983. Roberts' claims have their genesis in proceedings to revoke suspended criminal sentences. He alleges he was denied due process and equal protection of the law during the course of the revocation proceedings, particularly in relation to his sentencing. Named as Defendants are Judge Jeffrey Langton, a state district court judge, Steve Bullock, the Attorney General for the State of Montana, the Montana Supreme Court, his defense attorney Matthew Stevenson, and his appellate counsel Robin McGuire.

## B. State Court Proceedings

According to the Montana Supreme Court, Roberts was charged by information with felony DUI (his eleventh DUI offense), felony criminal endangerment, expired registration, and driving with a suspended or revoked license in October 2005. In April, 2006, the District Court sentenced him to the Department of Corrections for 5 years suspended on the DUI charge; 10 years suspended on the criminal endangerment to run consecutively to the sentence for the DUI; a $500 fine for the expired registration, suspended; and 6 months suspended on the driving with a suspended license to run concurrently with the other sentences. Those sentences were consecutive to Roberts' then-outstanding sentence on his tenth DUI conviction. On December 17, 2008, Roberts discharged the sentence from the tenth DUI and began serving the 15-year suspended sentence imposed in April, 2006.

In April, 2009 the State filed a petition for revocation of Roberts' 2006 suspended sentence, based upon the affidavit of his probation officer that Roberts submitted an adulterated urine sample and admitted to drinking alcohol. The probation officer filed an additional affidavit of probation violation alleging that Roberts' urine sample had tested positive for marijuana use. The State did not file a separate petition to revoke based upon that conduct. In June, 2009, the District Court conducted an evidentiary hearing on the petition to revoke and found that

Roberts had committed the violations as alleged. On June 24, 2009, the District Court conducted a disposition hearing, revoked Roberts' probation, and committed him to the Department of Corrections for 15 years, with no time suspended.

Roberts appealed the revocation of his probation and his new sentence to the Montana Supreme Court. On May 18, 2010, the Montana Supreme Court issued a decision finding that District Court was within its discretion to commit Roberts to the Department of Corrections for 15 years with no time suspended after finding that he had violated the conditions of his suspended sentence. The court also found that the revocation proceedings met the applicable requirements of due process. *Montana v. Roberts*, 2010 MT 110 (Mont. 2010).

### C. Federal Habeas Proceedings

Roberts has filed two federal habeas proceedings challenging the same revocation proceedings. The first filed in December 2010, was dismissed as time barred. *See* Civil Action No. 10-CV-00146-M-DWM. The second filed in November 2012, was dismissed on June 12, 2013 for failure to allege a violation of federal law and because his claims were brought in his prior federal habeas petition. *See* Civil Action No. 12-CV-00186-M-DLC.

## III. Screening per 28 U.S.C. §1915A

As Roberts is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. §§1915, 1915A which allow for the dismissal

4

of a complaint filed in forma pauperis before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Iqbal*, 556 U.S. at 679.

"A document filed pro se is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**IV. Analysis**

    **A. Challenge to Conviction**

Roberts is challenging the validity of his underlying conviction, which he cannot do in a civil complaint filed under 42 U.S.C. §1983. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 487.

A finding that Roberts' rights were violated during his criminal proceedings would necessarily imply the invalidity of his probation revocation sentence. As Roberts' conviction and probation revocation have not been reversed, declared invalid, expunged, or called into question, any claims challenging his probation revocation, sentence, or underlying conviction are barred by *Heck*.

**B. Defendants**

As discussed, Roberts' claims are barred by *Heck*. But even if the claims were not barred, the named Defendants are independently immune from liability. Judge Langton and the Montana Supreme Court are protected by the doctrine of judicial immunity, Steve Bullock enjoys prosecutorial immunity, and Matthew Stevenson and Robin Meguire are not "state actors" within the contemplation of section 1983. Therefore, Roberts' claims are properly dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief could be granted, or as claims asserted against defendants who are immune.

First, Judge Langton and the Montana Supreme Court (to the extent the Montana Supreme Court is a separate entity capable of being sued) are entitled to judicial immunity. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 12 (1991). For purposes of judicial

7

immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987) cert. denied, 486 U.S. 1040 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199 200 (1985).

All allegations against Judge Langton and the Montana Supreme Court arise from their duties in connection with Roberts' criminal proceedings. Judge Langton and the Justices on the Montana Supreme Court are entitled to judicial immunity.

Second, Steve Bullock is entitled to prosecutorial immunity regarding his actions in prosecuting Roberts. Prosecutors are absolutely immune from suit for actions taken by them in performing the traditional functions of a prosecutor. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).

Finally, Matthew Stevenson and Robin Meguire are not proper defendants in a §1983 action since they are not state actors. To state a claim under 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Ninth Circuit Court of Appeals has held that

by virtue of the Supreme Court's decision in *Polk County v. Dodson*, 454 U.S. 312 (1981), public defenders are not state actors within the meaning of §1983 when performing traditional lawyer duties. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003)(en banc).

## V. Conclusion

Roberts' claims are barred by the *Heck* doctrine. And even if they were not, he has not stated a claim upon which relief could be granted as to any of the named Defendants. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### A. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court before or after the notice of appeal is filed certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. §1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement

9

if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Roberts' claims are frivolous and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### B. "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. §1915(g).

The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes,* 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A §1983 claim which falls under the rule

in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327 DMS AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. §1915(g).

In addition, Roberts has otherwise failed to state a claim against Defendants Stevenson and Meguire, and Defendants Langton, the Montana Supreme Court, and Bullock are entitled to immunity. The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

### C. Address Change

At all times during the pendency of this action, Roberts shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1. Roberts' Motion to Proceed in Forma Pauperis (Dkt. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Dkt. 2) to remove the word "LODGED." The Complaint is deemed filed on September 18, 2013.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. §636(b)(1), Roberts may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date this Order is served upon him which it the dated entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Roberts files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Roberts from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of September, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge