
FILED
NOV 2 5 2013
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LEONARD L. ROBERTS, | CV 13–190–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| JEFFREY LANGTON, STEVE BULLOCK, MONTANA SUPREME COURT, MATTHEW STEVENSON, and ROBIN McGUIRE, | |
| Defendants. | |

Leonard L. Roberts, appearing *pro se*, brings this action under 42 U.S.C. § 1983. (Doc. 2 at 4.) Mr. Roberts alleges he was denied due process and equal protection of the law at sentencing and during the course of revocation proceedings in state court. (Doc. 2-1.) His complaint was submitted to United States Magistrate Judge Jeremiah C. Lynch for prescreening, pursuant to 28 U.S.C. § 1915. Judge Lynch's Findings and Recommendations, (Doc. 4), are now before the Court.

When a party objects to any portion of Findings and Recommendations issued by a Magistrate Judge, the district court must make a *de novo* determination

-1-

of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). The Court has considered Mr. Roberts' objections and conducted a *de novo* review of Judge Lynch's Findings and Recommendations. Mr. Roberts' objections are without merit; the Findings and Recommendations are well-founded and accordingly adopted in full.

Plaintiff challenges his conviction with a civil action filed under 42 U.S.C. § 1983. Direct challenge to a criminal conviction is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. Plaintiff is in state custody. (Doc. 1 at 3.) His Complaint fails to present a claim upon which relief might be granted because his conviction has not been reversed, declared invalid, expunged or called into question.

Furthermore, the named Defendants in this action are immune from liability.

Judge Langton and the Montana Supreme Court are shielded from liability under 42 U.S.C. § 1983 under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Steve Bullock is entitled to prosecutorial immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 126 (1997). And Matthew Stevenson and Robin Meguire, as agents of the Montana Office of the State Public Defender, are not state actors subject to a claim for damages under § 1983. *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).

Mr. Roberts' objections do not contest any portion of Judge Lynch's findings regarding the *Heck* bar and immunity. His objections fail to rejoin the arguments and conclusions presented in the Findings and Recommendations now before the Court and are otherwise without merit.

Mr. Roberts objects to Judge Lynch's Findings and Recommendations on the ground that it allegedly misstates the nature of his previous petitions for *habeas corpus* before this Court. He claims Judge Lynch erred by incorrectly stating that his previous petitions challenged revocation proceedings in this Court. (Doc. 8 at 1.) Judge Lynch's Findings do not make such a statement. (*See* Doc. 4 at 4.) Mr. Roberts objection does not raise a genuine issue regarding the factual background or analysis related in Judge Lynch's Findings. Roberts simply restates claims from his prior petitions for *habeas corpus* and seeks reconsideration of the

Court's disposition of those matters. He has not provided grounds for relief from the Court's judgment on his previous *habeas corpus* petitions, pursuant to Federal Rule of Civil Procedure 60. Furthermore, such a challenge is inappropriate in the context of a § 1983 claim, *Heck*, 512 U.S. at 487. This line of objection is without merit.

Roberts asserts Judge Lynch's conclusion that his Complaint is frivolous and wholly without merit is in error. (Doc. 8 at 2.) He does not contest the grounds for Judge Lynch's finding that this action fails to state a claim on which relief might be granted. Mr. Roberts' objection merely restates claims for relief already litigated and decided in his previous *habeas* petitions before this Court.

The concluding paragraphs of Mr. Roberts' objections apparently seek leave to amend his complaint. (*See id.* at 3.) He states that "a leave to amend . . . would in fact resolve the deficiencies of this case" and requests "a leave to remand [sic] be granted[.]" The Court construes this request as a Motion seeking leave to amend the Complaint.

Mr. Roberts' Motion for Leave to Amend is not well-taken. He provides no indication as to the nature of the amendment he seeks or the specific defects the amendment will cure. While Rule 15(a) states that a court should freely grant leave to amend when justice so requires, granting leave to amend is not required

where such amendment would be futile, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). It is plainly apparent that the jurisdictional defects identified by Judge Lynch render futile any attempt to salvage the Complaint by amendment.

IT IS ORDERED that Judge Lynch's Findings and Recommendations, (Doc. 4), are ADOPTED IN FULL. Mr. Roberts' Complaint, (Doc. 2), is hereby DISMISSED WITH PREJUDICE. The Clerk of Court shall close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Motion for Leave to Amend presented in the closing of Mr. Roberts' Objections is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall ensure the docket reflects the dismissal of this case for failure to state a claim constitutes a strike under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the Clerk of Court shall ensure the docket reflects the Court's certification pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 25th day of November, 2013.

Donald W. Molloy, District Judge
United States District Court

-5-